Filed 3/12/24  P. v. Oswald CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082189 |
| v. | (Super.Ct.No. FWV1402748) |
| LARRY GENE OSWALD, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Joseph B. Widman, Judge.  Dismissed.

Larry Gene Oswald, Jr., in pro. per.; William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Larry Gene Oswald appeals from the trial court's order denying his petition for resentencing pursuant to Senate Bill No. 81 and Assembly Bill

1

No. 333.  For the reasons set forth *post*, we hereby dismiss this case for lack of jurisdiction.

## STATEMENT OF THE CASE

On September 9, 2016, an information charged defendant with first degree murder with malice aforethought (Pen. Code[1] § 187, subd. (a); count 1); sale or transportation of marijuana (Health & Saf. Code, § 11360, subd. (a); count 2); and possession of marijuana for sale (Health & Saf. Code, § 11359; count 3).[2]  As to count 1, the information also alleged that defendant personally used a firearm (Pen. Code, § 12022.53, subd. (b)); personally and intentionally discharged a firearm (Pen. Code, § 12022.53, subd. (c)); and personally and intentionally discharged a firearm causing great bodily injury and death (Pen. Code, § 12022.53, subd. (d)).  In addition, the information alleged that defendant suffered from one prior serious or violent felony conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

On June 1, 2022, pursuant to a negotiated plea agreement, the information was amended to add voluntary manslaughter (§ 192, subd. (a); count 6).  Moreover, as to count 6, the amended information added allegations that defendant had a prior felony conviction (§§ 667, subd. (a)(1), 1170.12, subds. (a)-(d)), and that defendant personally used a firearm (§ 12022.5, subd. (a)).  Additionally, the amended information alleged a criminal street gang terrorism enhancement (§ 186.22, subd. (b)(1)).  Thereafter,

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  The information also named Karen Lyn Collins and Donald Collins as defendants.  They are not parties to this appeal.

defendant pled no contest to count 6, and admitted the prior serious felony allegation, personal use of a firearm allegation, and criminal street gang terrorism enhancement.

On June 29, 2022, pursuant to the terms of the negotiated plea agreement, the court denied probation and sentenced defendant an indeterminate term of 40 years in state prison as follows:  upper term of 22 years on count 6 (11 years doubled under § 667, subd. (e)(1)); consecutive upper term of 10 years under section 12022.5, subdivision (a); a consecutive term of five years under section 667, subdivision (a)(1); and to a consecutive term of three years under section 186.22, subdivision (b).  Moreover, the trial court dismissed or struck all the remaining counts, special allegations, and enhancements.

On April 14, 2023, defendant filed a petition for resentencing.  In the petition, defendant asked the trial court (1) to dismiss portions of his sentence pursuant to Senate Bill No. 81; and (2) to vacate the three-year sentence under section 186.22, subdivision (b)(1) (gang enhancement) under Assembly Bill No. 333.4.

After the trial court appointed counsel to represent defendant, the People filed opposition.  The People argued that the trial court sentenced defendant in accordance with the negotiated plea agreement, and after the effective date of January 1, 2022, for

3

both Senate Bill No. 81[3] and Assembly Bill No. 333[4]. The People also argued that the trial court lacked jurisdiction to modify defendant's sentence because the judgment of conviction in his case was final when he filed his petition for resentencing.

At the hearing on defendant's petition on July 28, 2023, the court denied defendant's petition and request for relief under Senate Bill No. 81 and Assembly Bill No. 333. The court stated: "The Court is respectfully denying the petitioner's motion or request due to lack of jurisdiction because the judgment already became final."

On September 21, 2023, defendant filed a timely notice of appeal.

## DISCUSSION

Counsel has filed a brief under the authorities of *People v. Wende* (1979) 25 Cal.3d 436, *Anders v. California* (1967) 386 U.S. 739, and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). In the brief, pursuant to *Anders*, *supra*, appellate counsel has identified the following issue to assist the court in its search of the record for error:

---

[3] Effective January 1, 2022, Senate Bill No. 81 amended section 1385 to add mitigating factors the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.) Section 1385, subdivision (c), states as follows: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."

[4] Effective January 1, 2022, Assembly Bill No. 333 (Stats. 2021, ch. 699, § 3) changed the substantive requirements for proving a section 186.22 gang enhancement by narrowing the definition of a criminal street gang and modifying other elements of the gang statutes.

"Did the trial court err in denying appellant's petition for sentencing relief pursuant to Senate Bill No. 81 and Assembly Bill No. 333 [with January 1, 2022 effective dates] on the ground that the judgment of conviction was final as of the April 14, 2023 date appellant's petition was filed, thus depriving the court of jurisdiction to recall the sentence."

On January 25, 2024, we sent notice to defendant regarding the filing of a *Delgadillo* brief, as follows: "Counsel for appellant has filed a brief stating no arguable issues can be found. Because this is an appeal from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*People v. Delgadillo* (2022) 14 Ca1.5th 216 []; *People v. Serrano* (2012) 211 Ca1.App.4th 496.) The appellant is personally granted 30 days to file any supplemental brief deemed necessary. If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion. (*Delgadillo*, *supra*, 14 Ca1.5th 216[.]) Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

On February 22, 2024, defendant filed a five-page supplemental brief with exhibits. Although the filing of a supplement brief does not compel an independent review of the entire record to identify unraised issues, we have the discretion to do so. (*Delgadillo*, *supra*, 15 Cal.5th at p. 232.)

In this case, at the hearing on defendant's petition, the trial court stated:

"This case is on the Court's calendar on the defense motion filed by the defendant pro per on August 14th, 2023 for relief pursuant to Senate Bill number 81 and Assembly

5

Bill number 333. I have reviewed that brief as well as the People's opposition to relief filed on May 25th. The previous procedural history of the case is that the Court appointed counsel to represent the defendant. The Court held a hearing in which the Court was informed that the defendant's preference was not to be transported from state prison for a hearing on the case, but that the defendant wished to be present via video. So the Court has made accommodations, and that's why the defendant is here. Good afternoon, sir."

"I'd also like to document for the record an exchange that I had with the attorneys for both sides present in open court this little while ago before we called the case. I told the attorneys that on the first point from the prosecution's brief, which concerns the timing and the alleged late timing of the petition after the judgment had become final, I said that I was inclined to agree with the prosecution based upon the authorities cited there, *but that I was open to any additional briefing that the defense wished to present on that point*. The second point of—that the prosecution made in their brief, I told the parties that—I tended to agree that even if the defendant were entitled to relief, the proper remedy in all fairness would be to put the parties back in the same position they were before they entered into the plea agreement. So, essentially*, to allow the plea to be withdrawn and allow the parties to either negotiate a different resolution or to go to trial*. [¶] . . . [¶] The attorneys—and it was primarily [defense counsel] speaking—although, the prosecutor . . . was present as I stated, indicated that he did not have any legal authorities to present on the first point. And in his view, if the Court were to rule in favor of the prosecution on that first point, namely whether or not—namely that the judgment

was final such that relief could not be granted, then he was inclined to essentially submit on—but urged the Court to grant the defendant's request nonetheless. So after that, I asked the defense attorney . . . whether he wished to consult with his client before the Court called the case, and [defense counsel] indicated he did not think it was necessary because the issue—kind of went without saying, but the issue was if he doesn't have legal authorities to dispute the argument in section one and the Court's inclined to go along with that in light of those authorities, then there really isn't much to talk about. But [defense counsel] did wish and reserved the opportunity, if possible, to speak with [defendant] after the hearing is over so that he can explain to him essentially what happened from a legal perspective. Does either side wish to supplement or revise the summary I just made of our off-the-record discussion?"

Both defense counsel and the prosecutor agreed that the court's summary of the off-the-record discussion was accurate.

Thereafter, the court stated: "So at this time in light of that summary and the substantive issues that were addressed, my tentative is to respectfully deny the request or the motion that was filed on April 14th on the grounds that the Court lacks jurisdiction to grant the relief sought given that the judgment in the case has already become final. Does either side wish to be heard on my tentative?" Both the prosecutor and defense counsel submitted.

The court then ruled: "The Court is respectfully denying the petitioner's motion or request due to lack of jurisdiction because the judgment already became final."

7

We agree with the trial court that it lacked jurisdiction to grant defendant's motion. "A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*People v. King* (2022) 77 Cal.App.5th 629, 739.) Under section 1237, subdivision (b), a court's postjudgment order is appealable "if that order affects a defendant's substantial rights. An order denying a motion the court lacks jurisdiction to grant does not affect a defendant's substantial rights. [Citation.] Any appeal from such an order must be dismissed." (*People v. Alexander* (2020) 45 Cal.App.5th 341, 344.) Accordingly, because the trial court's denial of defendant's motion is not an appealable order, the appeal must be dismissed.

## DISPOSITION

Defendant's appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

RAPHAEL
J.

MENETREZ
J.

8